OPINION
{¶ 1} Petitioner-appellant Margaret A. Linder ("Linder") brings this appeal from the judgment of the Probate Court of Paulding County which denied Linder's petition to adopt her step-daughter, Emilie Anne Linder ("Emilie").
 {¶ 2} On March 13, 2001, Linder filed a petition to adopt Emilie. Linder claimed that Emilie's mother, Teresa Harless ("Harless"), had not had any contact with the child in the year preceding the petition. Thus, Linder claimed that Harless' consent was not necessary. On April 11, 2001, Harless entered her objection to the adoption. A hearing was held on October 2 and December 5, 2001. At the hearing, Harless presented the testimony of seven witnesses plus herself. Linder presented the testimony of herself and her husband. At the conclusions of the hearings, the trial court took the matter under consideration. On June 3, 2004, the trial court entered judgment finding that although the mother had not had communication with her child in the year preceding the filing of the petition, she had just cause for the failure. Therefore, the trial court ruled that Harless' consent to the adoption was necessary and denied the petition. Linder appeals from this judgment and raises the following assignments of error.
[The trial court] erred as a matter of law in its "Opinion andJudgment Entry" rendered on June 3, 2004 by holding that theconsent of the natural mother to the proposed adoption wasrequired in spite of her "complete lack of communication for thestatutorily defined one year period immediately preceding thefiling of the adoption Petition."
 [The trial court] erred as a matter of law in admitting andrelying upon irrelevant, prejudicial heresay (sic) evidence overthe repeated objections of [Linder] at the hearings below held onOctober 2, 2001 and on December 56, 2001 which resulted in itsdecision herein adverse to [Linder].
 {¶ 3} In the first assignment of error, Linder claims that the trial court erred by finding that Harless' consent was required. The consent of a parent is not required in an adoption if the trial court finds "that the parent has failed without justifiable cause to communicate with the minor * * * for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07 The trial court in this case specifically found that Harless had failed to communicate with Emilie for a year prior to the filing of the petition. However, the trial court also found that there was justifiable cause for the lack of communication. This finding is specifically permitted by the statute. Thus, the trial court did not err as a matter of law by requiring the consent of the mother even though she had failed to communicate for more than one year. The first assignment of error is overruled.
 {¶ 4} In the second assignment of error, Linder claims that the trial court relied upon inadmissible evidence in making its findings of fact and conclusions of law. In support of this claim, Linder points to several instances in the record where she objected to evidence as hearsay. However, in those instances, her objections were sustained. Thus there can be no error.
 {¶ 5} Linder also claims that several irrelevant bits of evidence were admitted. Relevant evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. The decision as to the relevancy of evidence is within the sound discretion of the trial court. State v. Kelley, 3rd
App. No. 12-2000-15, 2001-Ohio-2115. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily or unconscionably. Id. A review of the record in this case indicates that the trial court sustained several objections as to the relevancy of the evidence. The trial court was very careful to require that all of the testimony be related to the issue as to whether Harless had justifiable cause for her lack of communication. The trial court also required that the testimony of the gang activities be linked to Linder's husband or Linder herself. Thus, the trial court did not abuse its discretion in finding the testimony admitted to be relevant.
 {¶ 6} Finally, this court notes that this was a bench trial. The trial court, as fact finder, is presumed to have considered only relevant, material, and competent evidence in arriving at its judgment unless the record shows affirmatively to the contrary. Angerman v. Burick, 9th App. No. 02CA0028, 2003-Ohio-1469, at ¶ 26. The findings of fact do not indicate that the trial court relied upon any improper evidence. To the contrary, the findings of fact indicate that the trial court relied solely upon the evidence presented by the witnesses as to their own observations. The findings of fact also indicate that the trial court did not find any of the testimony presented by Linder or her husband contradicting the evidence presented by Harless as credible.[1] Given these findings, the trial court's conclusions of law are supported by the record. Thus, the trial court did not err as a matter of law. The second assignment of error is overruled.
 {¶ 7} The judgment of the Probate Court of Paulding County is affirmed.
Judgment affirmed.
 Shaw, P.J., and Cupp, J., concur.
[1] "22. Both father and Petitioner attempted to minimize their contacts with Freeman during their testimony at the first hearing on October 2, 2001. At the December 5, 2001, hearing, the long-distance telephone records revealed more of the full extent of the telephone calls made from the residence of Petitioner and father to Freeman's telephone numbers (i.e. 16 telephone calls).
"23. There were also long-distance telephone calls made from Petitioner and father's home telephone to people whom Petitioner and father denied even knowing or even placing the class to and who were people connected with the child's custody case, mother's day care service or activities directed towards mother (example: approximately 15 telephone calls to the telephone number of Brian Thurman), a man mother identified as the person she saw observing her home with binoculars from his parked vehicle. * * *
"24. This has raised a serious question concerning the credibility and testimony of both Petitioner and father. The Court is not convinced that Petitioner and father have been fully candid in their testimony. And, father's testimony and credibility is crucial because of his involvement and contacts with Freeman and her conduct involving the NET gang members' activities directed at mother.
Journal Entry, 6-7.